UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER,<br><br>    Plaintiff,<br><br>    vs.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>    Defendants. | 1:19-cv-00115-DAD-GSA-PC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND VIOLATION OF RULE 8, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT**<br><br>**ORDER DENYING REQUEST FOR COPIES** |

**I.    BACKGROUND**

Cory Dwayne Micenheimer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On January 24, 2018, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. 28 U.S.C. 1915A. (ECF No. 1.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. SUMMARY OF COMPLAINT

Plaintiff is presently a state prisoner in the custody of the California Department of Corrections and Rehabilitation, incarcerated at Salinas Valley State Prison in Soledad, California. The events at issue in the Complaint allegedly occurred at Kern Valley State Prison in Delano, California, when Plaintiff was incarcerated there. Although confusing, Plaintiff appears to name numerous defendants, including Kern Valley State Prison, Christian Pfeiffer (Warden), J. Castro (Associate Warden), David Stebbins (Associate Warden), Captain Hammer, Alcantar (Correctional Counselor II (CCII)), and Duran (Correctional Counselor one) (CCI) (collectively, "Defendants").

Plaintiff's Statement of Claim follows, in its entirety:

> Kern Valley State Prison is in fact treason to thee [*sic*] State of California and thee United States of America. It is unyielding in its purpose and it is unyielding of the law. Thee abolition of Constitutional rights is enforced by cruelty, thee transcript of United States District Court for the Central District of California is complaint, evidential and of the Eastern District of California jurisdiction in which justice can be rendered against Kern Valley State Prison and those therein identified as personnel. Go to civil case number: 2:16-cv-04314-CJC (JEM), Cory Dwayne Micenheimer vs. P. Finander, et al. and Kern County District Attorney Lisa Green to untangle the treason. Here provided is exhibits A to GG to ensure that matters therein have thee arm of the law . . . . [*sic*] each exhibit is the statement . . . . [*sic*]

(Complaint, ECF No. 1 at 16.)

Plaintiff requests the arrest and prosecution of KVSP and those identified as personnel, and $17 billion for mental and physical cruelty in violation of the Eighth Amendment.

### IV. RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. <u>Swierkiewicz v. Sorema</u>, N.A., 534 U.S. 506, 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The court finds Plaintiff's Statement of Claim to be vague and conclusory. Plaintiff fails to adequately distinguish claims and alleged wrongs against defendants. Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support Plaintiff's claim. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977); also see McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Plaintiff's complaint must give each "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's Complaint consists of a form complaint with more than 300 pages of exhibits. Rule 8 requires Plaintiff to set forth his claims in short and plain terms, simply, concisely and directly. See Swierkiewicz, 534 U.S. at 514 ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The Court (and

defendant) should be able to read and understand Plaintiff's pleading within minutes. McHenry, F.3d at 1179–80.

In order to state a claim, Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights. Factual allegations must be sufficient to raise a right to relief above the speculative level. Plaintiff has not satisfied these requirements in the Complaint.

Plaintiff states in the Complaint that each of his exhibits states a separate statement of claim. Plaintiff states that the exhibits identify individuals, depict the acts of treason, and provide evidence that substantiates treason. The exhibits consist of copies of Plaintiff's form 22 requests for interview, prison appeals, disciplinary hearing results, and a plethora of other prison records, but no allegations. Exhibits in and of themselves are not sufficient to state a claim against any of the defendants. Plaintiff is advised that it is not the duty of the court to look through all of his exhibits to determine whether or not he states claims cognizable under § 1983. Rather, the court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983.

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies in his Complaint identified by the court. In the amended complaint, Plaintiff is advised to name each of the defendants and explain what each defendant did to cause a violation of Plaintiff's rights. Plaintiff should give facts, telling the story of what happened, when, where, how the defendant acted, and other facts that Plaintiff saw, heard, or otherwise knew. Plaintiff should supply dates, preferably in chronological order. There is no need to attach exhibits unless Plaintiff refers to each exhibit in the amended complaint.

Because Plaintiff has failed to comply with the requirements of Rule 8(a), the Complaint shall be dismissed, with leave to file a First Amended Complaint within thirty days.

**V.  LOCAL RULE 220**

Plaintiff is cautioned not to violate Local Rule 220 in the First Amended Complaint. Local Rule 220 states in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself ***without reference to the prior or superseded pleading***. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

L.R. 220 (emphasis added).

In his original Complaint, Plaintiff directs the court to "[g]o to civil case number: 2:16-cv-04314-CJC (JEM), <u>Cory Dwayne Micenheimer vs. P. Finander, et al.</u> and Kern County District Attorney Lisa Green to untangle the treason." (ECF No. 1 at 16.)  Plaintiff may not refer to information found in his other cases to add to the allegations in his First Amended Complaint.  Moreover, it is Plaintiff's responsibility, not the court's, to "untangle the treason" or otherwise litigate Plaintiff's case.  Plaintiff is cautioned that the First Amended Complaint must be complete in itself, without reference to the original Complaint or any of his other cases.

**VI.  REQUEST FOR COPIES**

Plaintiff requests the court to provide him with copies of his Complaint and other case documents.  The Complaint and its attachments are 372 pages long.  (ECF No. 1.)

Plaintiff is not entitled to free copies from the court.  The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(a).  Copies of up to twenty pages may be made by the Clerk's Office at this court upon written request and prepayment of the copy fees.  The fact that the court has granted leave for Plaintiff to proceed *in forma pauperis* does not entitle him to free copies of documents from the court. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge. To request copies of his Complaint at this juncture, Plaintiff must submit a request in writing to the

Clerk, a large self-addressed envelope affixed with sufficient postage, and prepayment of copy costs to the Clerk. Based on the foregoing, Plaintiff's request for free copies shall be denied.

///

**VII.  PLAINTIFF'S CLAIMS**

Plaintiff has not clearly indicated in the Complaint the claims that he wishes to bring under § 1983. However, in the paragraphs that follow, the court shall set forth the legal standards that appear to apply to the Plaintiff's claims, based on Plaintiff's Complaint and its exhibits. Plaintiff is advised to review these standards before when deciding which claims to bring in the First Amended Complaint.

### A.  Eighth Amendment Cruel and Unusual Punishment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Id.; Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels,

554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

### B. Procedural Due Process

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). "A due process claim is cognizable only if there is a recognized liberty or property interest at stake." Coakley v. Murphy, 884 F.2d 1218, 1220 (9th Cir.1989). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state law or prison regulations. See Wilkinson, 545 U.S. at 221; Sandin v. Conner, 515 U.S. 472, 484 (1995).

With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.

Sandin, 515 U.S. at 481–84. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

### 1. Loss of Good Time Credits

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

### 2. C Status

Plaintiff alleges that KVSP personnel told him he was going to be placed on C Status. The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. Under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."). However, prisoners have no constitutional right to be incarcerated at a particular correctional facility, Meachum v. Fano, 427 U.S. 215, 224-25 (1976), or to employment. Vignolo v.

Miller, 120 F.3d 1075, 1077 (9th Cir. 1997). Accordingly, absent a motive that implicates constitutional concerns, plaintiff's change in status does not give rise to a claim for relief. Id. at 1077-78 (inmate's alleged removal from his prison job in retaliation for the exercise of constitutionally protected activity may state a claim for relief).

### 3. **Disciplinary Hearing**

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. In addition, "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached ...." Id. at 455–56 (emphasis added).

### 4. **Transfer to Another Prison**

Prisoners have no constitutionally-protected interest [under the Due Process Clause of the Fourteenth Amendment) in avoiding being transferred to another prison. See Olim v. Wakinekona, 461 U.S. 238 (1983); see Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (finding that due process procedural protections were not triggered where prisoner was reassigned out of a vocational course and transferred to a different prison). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." Wilkinson, 545 U.S. at 221. Plaintiff also has no constitutional right to be housed at a particular prison facility, even one with more favorable conditions of confinement.

C. **False Reports**

The allegation that a prison official wrote false disciplinary reports against Plaintiff, even if true, does not raise a constitutional claim because there is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a standalone constitutional claim. <u>Canovas v. California Dept. of Corrections</u>, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., <u>Lee v. Whitten</u>, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989); <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." <u>Jones v. Woodward</u>, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing <u>Ricker v. Leapley</u>, 25 F.3d 1406, 1410 (8th Cir. 1994); <u>McCrae v. Hankins</u>, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest against false information being reported against him.

### D. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. <u>Rizzo</u>, 778 F.2d at 5532 (9th Cir. 1985); <u>see also Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005); accord <u>Watison v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir. 2012); <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. <u>Bruce v. Ylst</u>, 351 F.3d 1283,

1288 (9th Cir. 2003). The court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

### F. Damages for Emotional Distress

Plaintiff is advised that the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ) (back and leg pain and canker sore *de minimis*); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not *de minimis*). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Oliver, 289 F.3d at 630. Therefore, Plaintiff is not entitled to monetary damages in this case for emotional distress unless he also shows a physical injury.

### G. Treason, Criminal Charges, Arrest, and Prosecution

Plaintiff alleges that Defendants harassed him in violation of Penal Code 502 and violated his rights to due process under Penal Code 134. These allegations suggest that Plaintiff seeks to bring a criminal action against Defendants. Plaintiff may not bring a criminal action under § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (internal quotations omitted). A § 1983 action is a civil action brought under the Civil Rights Act. As a rule, civil actions may be started by individuals, but criminal actions may only be started by the state and not by individuals. Indeed, with limited exceptions, none of which applies to § 1983 actions, federal law does not allow a private citizen to bring a criminal prosecution against another citizen. "A criminal action is prosecuted in the name of the people of the State of

California, as a party, against the person charged with the offense." Cal.Penal Code § 684.

///

Therefore, Plaintiff is unable to bring an action for violation of the Penal Code or treason against any of the Defendants.

## VIII. CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983, violates Rule 8 of the Federal Rules of Civil Procedure, and must be dismissed, with leave to amend. Plaintiff shall be granted thirty days in which to file a First Amended Complaint curing the deficiencies discussed above.

The First Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on January 24, 2019.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

///

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on January 24, 2019, is DISMISSED for failure to state a claim and violation of Rule 8 of the Federal Rules of Civil Procedure, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-00115-DAD-GSA-PC; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**February 8, 2019**__  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE