UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER,<br><br>Plaintiff,<br><br>vs.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>Defendants. | 1:19-cv-00115-DAD-GSA-PC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 8.)**<br><br>**ORDER FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT WITHIN THIRTY DAYS** |

**I.  BACKGROUND**

Cory Dwayne Micenheimer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On January 24, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On February 11, 2019, the court screened the Complaint under 28 U.S.C. § 1915 and issued an order dismissing the Complaint for failure to state a claim and violation of Rule 8, with leave to file an amended complaint within thirty days. (ECF No. 7.) The order also denied Plaintiff's request for a free copy of the 372-page Complaint. (Id.)

On February 27, 2019, Plaintiff filed objections to the court's screening order and the order denying him free copies, which the court construes as a motion for reconsideration. (ECF No. 8.)

**II.  MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent

1

manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III.  DISCUSSION

Plaintiff disagrees with the court's assessment of his claims in the screening order and requests the court to reconsider its findings that his Complaint fails to state a claim and violates Rule 8. Plaintiff also seeks reconsideration of the court's order denying his request for a free copy of his 372-page Complaint.

In the screening order, the court set out the standards for the claims it appears Plaintiff wishes to bring and further, advised Plaintiff about stating his allegations in the First Amended Complaint: "In the amended complaint, Plaintiff is advised to name each of the defendants and explain what each defendant did to cause a violation of Plaintiff's rights. Plaintiff should give facts, telling the story of what happened, when, where, how the defendant acted, and other facts

explaining what Plaintiff saw, heard, or otherwise knew. Plaintiff should supply dates, preferably in chronological order. There is no need to attach exhibits unless Plaintiff refers to each exhibit in the amended complaint." (ECF No. 7 at 4:23-28.) Plaintiff cannot state a claim by simply submitting copies of prison records such as his requests for interview, prison appeals, and disciplinary hearing results. In addition, Plaintiff is not entitled to a free copy of his 372-page Complaint from the court.

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied. At this stage of the proceedings, if Plaintiff disagrees with the court's screening order his remedy is to file a First Amended Complaint clearly and succinctly stating the allegations and claims upon which he wishes to proceed. The court will then screen the First Amended Complaint based on the allegations stated therein. Plaintiff shall be granted additional time to prepare and file a First Amended Complaint.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on February 27, 2019, is DENIED;
2. Within thirty days from the date of service of this order, Plaintiff is required to comply with the court's Screening Order of February 11, 2019, by filing a First Amended Complaint; and
3. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **March 5, 2019**         **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE