UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER,<br><br>Plaintiff,<br><br>vs.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>Defendants. | 1:19-cv-00115-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 12.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.  BACKGROUND**

Cory Dwayne Micenheimer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On January 24, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On February 11, 2019, the court screened the Complaint under 28 U.S.C. § 1915 and issued an order dismissing the Complaint for failure to state a claim and for violation of Rule 8, with leave to file an amended complaint within thirty days.  (ECF No. 7.)  On April 1, 2019, Plaintiff filed a motion for extension of time, and on April 11, 2019, the court granted him a thirty-day extension of time to file the amended complaint.  (ECF Nos. 10, 11.)

On May 9, 2019, Plaintiff filed a motion to compel prison officials to provide him with ten copies of the amended complaint.  (ECF No. 12.)  The court construes Plaintiff's motion as a motion for preliminary injunctive relief.

## II. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

To the extent that Plaintiff seeks a court order compelling officers at Salinas Valley State Prison to act on his behalf, the court lacks jurisdiction to issue such an order because the order would not remedy any of the claims upon which this case proceeds. This case was filed against officers at Kern Valley State Prison for treason. Plaintiff requests a court order compelling officers at Salinas Valley State Prison, where he is presently incarcerated, to provide him with copywork. Because such an order would not remedy any of the claims in this case. Additionally, the court lacks jurisdiction to issue the order sought by Plaintiff, thus Plaintiff's motion must be denied.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on May 9, 2019, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 13, 2019**         **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE