UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER, | 1:19-cv-00115-DAD-GSA-PC |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT FOR VIOLATION OF RULES 8(a) AND 18(a), WITH LEAVE TO AMEND** |
| vs. | **(ECF No. 15.)** |
| KERN VALLEY STATE PRISON, et al., | |
| Defendants. | **THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT NOT EXCEEDING 25 PAGES** |

## I.   BACKGROUND

Cory Dwayne Micenheimer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On January 24, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On February 11, 2019, the court dismissed the Complaint for failure to state a claim and violation of Rule 8 of the Federal Rules of Civil Procedure, with leave to amend.  (ECF No. 7.)  On July 1, 2019, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  28 U.S.C. 1915A.  (ECF No. 15.)

## II.      SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.     FIRST AMENDED COMPLAINT

Plaintiff is presently a state prisoner in the custody of the California Department of Corrections and Rehabilitation, incarcerated at Salinas Valley State Prison in Soledad, California. The events at issue in the First Amended Complaint allegedly occurred at Kern Valley State Prison in Delano, California, when Plaintiff was incarcerated there.

Plaintiff's First Amended Complaint is 121 pages in length, with no exhibits, and consists of allegations and claims against 33 defendants for events occurring from July 2017, to October 2018 at Kern Valley State Prison. Plaintiff was previously advised in the court's screening order that "under federal notice pleading, a complaint is required to contain a short and plain statement of the claim showing that the pleader is entitled to relief." (See ECF No. 7 at 2:27-28.) Instead, Plaintiff's voluminous First Amended Complaint alleges violations including the mishandling of his mail; the denial of access to the law library; the denial of adequate medical care; wrongful classification as C-status; retaliation; improper prison appeals process; verbal assault; false mental health report; missed 9th Circuit appeal deadline; due process violations at RVR hearing; denial of gym recreation; sewage water collecting in cell; theft of Plaintiff's diabetic fluid; undermining of legal activities; release of health care information; false $200.00 restitution; and, nurse falsely accusing Plaintiff of raising his voice. There does not appear to be any unifying event or group of defendants in these wide-ranging allegations other than the fact that they all occurred while Plaintiff was housed at Kern Valley State Prison. Nor is there any discernable

2

relationship between the allegations in the First Amended Complaint as they concern events that occurred between July 2017 and October 2018.

Plaintiff requests as relief:  "(1) Award Plaintiff $18,000,000,000,000.00; (2) Award Freddie George Sanchez, CDCR Number AN-4518 a granting [*sic*] to file a notice of appeal based on inmate Cory Dwayne Micenheimer, CDCR Number K-39489 providing assistance in compliance to CCR § 3163 in which defendants undermined that assistance."  (ECF No. 15 at 8.)

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or

reasonably should know would cause others to inflict' constitutional harms." <u>Preschooler II</u>, 479 F.3d at 1183 (quoting <u>Johnson</u>, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see also</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

## A.    Rule 8(a) of the Federal Rules of Civil Procedure

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic v. Twombly</u>, 550 U.S. 444, 555 (2007). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. <u>Id.</u>

The federal rules contemplate brevity. <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's First Amended Complaint is 121 pages long and names 33 defendants. Rule 8(a) requires Plaintiff to set forth his claims in short and plain terms, simply, concisely and directly. <u>See</u> <u>Swierkiewicz</u>, 534 U.S. at 514 ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The Court (and defendant) should be able to read and understand Plaintiff's pleading within minutes. <u>McHenry v. Renne</u>, 84 F.3d

1172, 1179–80 (9th Cir. 1996).  The Ninth Circuit has held that "dismissals following the repeated violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)."  Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013).  "When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply cannot state a claim."  Id.  [Plaintiff] may not place the Court in the position of "'fish[ing] a gold coin from a bucket of mud.'"  Id., 738 F.3d at 1111 (quoting U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

The First Amended Complaint fails to comport with Rule 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's lengthy narrative does not clearly or succinctly allege facts against the named Defendants.  Twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims.  Plaintiff's First Amended Complaint shall be dismissed for violation of Rule 8(a), with leave to file an amended complaint **not exceeding twenty-five pages in length, including any exhibits.  If Plaintiff fails to limit the Second Amended Complaint to twenty-five pages, including exhibits, the court shall recommend that the Second Amended Complaint be dismissed for failure to comply with the court's order.**

### B.     Rule 18(a) of the Federal Rules of Civil Procedure

A major flaw of the First Amended Complaint is that it attempts to bring numerous unrelated claims in a single action.  Rule 18(a) of the Federal Rules of Civil Procedure provides that "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]"  Id.

Plaintiff's lengthy amended complaint alleges a variety of misdeeds by numerous defendants over the course of more than a year of his confinement at Kern Valley State Prison.

Many of these claims appear to be unrelated to one another, and it is unduly burdensome to determine which, if any, state a cognizable claim pursuant to § 1983.

Plaintiff shall be granted leave to file a Second Amended Complaint.  When preparing the Second Amended Complaint, Plaintiff is cautioned not to bring unrelated claims in violation of Rule 18(a).

### C.   <u>Prison Appeals Process</u>

Plaintiff's First Amended Complaint contains numerous allegations that various defendants mishandled his administrative grievances or appeals. All of these claims fail to state a cognizable due process violation. Plaintiff cannot state a due process claim based on Defendants' role in the inmate appeal process. The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005). However, Plaintiff has no stand-alone due process rights related to the administrative grievance process itself.  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).  A prison official's denial of a grievance does not itself violate the constitution.  <u>Evans v. Skolnik</u>, 637 Fed. Appx. 285, 288 (9th Cir. 2015).  Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation.  <u>See</u>, <u>e.g.</u>, <u>Wright v. Shannon</u>, 2010 WL 445203, at *5 (E.D. Cal. 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); <u>Towner v. Knowles</u>, 2009 WL 4281999 at *2 (E.D. Cal. 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); <u>Williams v. Cate</u>, 2009 WL 3789597, at *6 (E.D. Cal. 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

When Plaintiff prepares the Second Amended Complaint, he should omit any allegations that Defendants failed to properly handle his prison grievances or appeals.  Without more, Plaintiff cannot state a claim for the denial, rejection, or cancellation of a grievance.

///

///

### D.   Injunctive Relief

Besides monetary damages, Plaintiff requests a court order allowing inmate Freddie George Sanchez, CDCR Number AN-4518, to file a notice of appeal.  The court cannot award this form of relief.  Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.  18 U.S.C. § 3626(a)(1)(A).

The injunction requested by Plaintiff would not remedy the past violation of Plaintiff's constitutional rights and therefore is not narrowly drawn to correct the alleged past violations. Therefore, Plaintiff's request for injunctive relief shall not be granted.

## V.   CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff's First Amended Complaint violates Rules 8(a) and 18(a) of the Federal Rules of Civil Procedure.  Therefore, the First Amended Complaint shall be dismissed, with leave to amend.  Plaintiff shall be granted thirty days in which to file a Second Amended Complaint curing the deficiencies discussed above.

The Second Amended Complaint may not exceed twenty-five pages, including any exhibits.  **If Plaintiff fails to limit the Second Amended Complaint to twenty-five pages, including exhibits, the court shall recommend that the Second Amended Complaint be dismissed for failure to comply with the court's order.**

The Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).  There is no *respondeat superior* liability, and each defendant is only liable for his own misconduct.  Iqbal, 556 U.S. at 677.  Plaintiff must

demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved.

Plaintiff may not change the nature of this suit by adding unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints). Also, Plaintiff is not granted leave to add allegations to the amended complaint of events that occurred after January 14, 2019, the date the original Complaint was filed.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's First Amended Complaint, filed on February 28, 2019, is DISMISSED for violation of Rules 8(a) and 18(a) of the Federal Rules of Civil Procedure, with leave to amend;

2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint **not exceeding 25 pages**, curing the deficiencies identified in this order;

4.   **If Plaintiff fails to limit the Second Amended Complaint to twenty-five pages, including exhibits, the court shall recommend that the Second Amended Complaint be dismissed for failure to comply with the court's order.**

5.    Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:19-cv-00115-DAD-GSA-PC; and

6.    If Plaintiff fails to comply with this order, the court shall recommend that this action be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated:    **May 12, 2020**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

9