UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON,<br><br>Defendant. | No. 1:19-cv-00115-DAD-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br><br>(Doc. Nos. 25, 26, 27) |

Plaintiff Cory Dwayne Micenheimer is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 13, 2020, the assigned magistrate judge screened plaintiff's first amended complaint ("FAC") and dismissed it with leave to amend. (Doc. No. 22.) The screening order directed plaintiff to file a second amended complaint not exceeding twenty-five pages that cured the deficiencies identified in the screening order within thirty (30) days from the date of service of that order. (*Id.* at 8.)

On June 10, 2020, plaintiff filed a motion for a sixty-day extension of time to file a second amended complaint, which the magistrate judge granted on July 6, 2020. (Doc. Nos. 23, 24.) On September 1, 2020, plaintiff filed objections to the screening order, as well as a motion for reconsideration by the undersigned. (Doc. Nos. 25, 26.) On September 8, 2020, plaintiff filed an

1

additional motion for reconsideration of the magistrate judge's screening order.  (Doc. No. 27.)  Because the undersigned construes plaintiff's objection to the screening order as another motion for reconsideration, the court will address each of plaintiff's filings as motions for reconsideration.

**LEGAL STANDARD**

A motion to reconsider a magistrate judge's ruling is reviewed under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).  Local Rule 303(f).  As such, the court may only set aside a magistrate judge's order if that order is either clearly erroneous or contrary to law.  *Id.*; Fed. R. Civ. P. 72(a); *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).  Pursuant to the Local Rules of this court, a party seeking reconsideration of the magistrate judge's ruling shall file a request for reconsideration specifically designating the ruling, or part thereof, objected to and the basis for that objection.  Local Rule 303(c).[1]

A magistrate judge's factual findings are "clearly erroneous" only when the district judge is left with the definite and firm conviction that a mistake has been committed.  *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003).  This standard is "significantly deferential."  *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

The "contrary to law" standard allows for independent review of purely legal determinations by the magistrate judge.  *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Green*, 219 F.R.D. at 489.  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.

---

[1] At the outset, the court notes that the Local Rules provide that a ruling by the magistrate judge becomes final if no reconsideration of the order is sought within fourteen days of service of the order.  Local Rule 303(b).  Here, twenty-eight days passed before plaintiff filed his motion for a sixty-day extension, which specifically sought an extension to file a second amended complaint.  Even with that extension, plaintiff requested reconsideration fifty-seven days after the order granting him an extension of time was served.  While plaintiff's request for reconsideration therefore appears to be untimely, the undersigned will nonetheless consider it.

Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F. Supp.2d 501, 502 (S.D.N.Y. 2001); *see also Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983).

## DISCUSSION

The magistrate judge's screening order found plaintiff's FAC to be deficient on four grounds: (1) the FAC's lengthy narrative does not comport with Federal Rule of Civil Procedure 8(a); (2) the FAC's numerous unrelated claims do not comport with Federal Rule of Civil Procedure 18(a); (3) the FAC contains numerous allegations regarding defendants alleged mishandling plaintiff's administrative grievances or inmate appeals but those allegations do not state a cognizable claim because plaintiff has no stand-alone due process rights to any particular administrative grievance process; and (4) the injunctive relief that plaintiff seeks is not narrowly drawn to correct the alleged past violations. (*See* Doc. No. 22.)

Here, the court cannot conclude that the magistrate judge's findings regarding plaintiff's FAC were "clearly erroneous or contrary to law." In each of his motions, plaintiff merely presents conclusory arguments. For example, plaintiff asserts that each of the separate acts by defendants he alleges in the FAC is "a united foundation" (Doc. No. 25 at 1), and that there must be a connection between these acts because each individual knew of them and no one was reprimanded (Doc. No. 26 at 1). Presumably, plaintiff is attempting to refute the magistrate judge's determination that the FAC does not comply with Federal Rule of Civil Procedure 18(a). The undersigned agrees with the magistrate judge: plaintiff's FAC does not clearly demonstrate that his attempted claims against multiple defendants, alleging distinct occurrences, should be joined together and brought in a single action. In preparing any second amended complaint he elects to file, plaintiff should bear in mind that he "may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact." *Jones v. Speidell*, No. 1:16-cv-01335-DAD-SKO (PC), 2017 WL 2119473, at *3 (E.D. Cal. May 16, 2017).

Plaintiff also objects to the screening order by arguing that his FAC was short and plain, and that no single claim against any of the individual defendants amounts to twenty-five pages. (Doc. No. 25 at 2.) It is true that "[p]ro se complaints 'must be held to less stringent standards

3

than formal pleadings drafted by lawyers.'" *Hightower v. Tilton*, No. C08-1129 MJP, 2011 WL 4578508, at *2 (E.D. Cal. Sept. 29, 2011) (citing *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010)). Nevertheless, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled, and courts are not required to indulge unwarranted inferences." *Jones*, 2017 WL 2119473, at *2 (internal citations and quotation marks omitted). Moreover, in controlling its docket, "the federal court has the authority to dismiss a complaint for violation of Rule 8(a) and to set a reasonable limitation on the page length of a pleading." *Miller v. California Dep't of Corr. & Rehab.*, No. 1:12-cv-00353-LJO, 2013 WL 5954803, at *3 (E.D. Cal. Nov. 6, 2013) (finding that the "the Magistrate Judge's dismissal of Plaintiff's Complaint for violation of Rule 8(a), with leave to file an amended complaint not exceeding 25 pages, [was not] erroneous or contrary to law"). Here, the undersigned agrees with the magistrate judge's determination to limit plaintiff's second amended complaint to twenty-five pages in length.

Plaintiff's remaining arguments lack the specificity that Local Rule 303(c) requires, because the undersigned cannot discern which parts of the magistrate judge's screening order plaintiff is objecting to. Thus, the undersigned will not consider plaintiff's remaining arguments.[2] Because this court finds that the magistrate judge's screening order addressing plaintiff's FAC was neither erroneous nor contrary to law, plaintiff's motions for reconsideration will be denied.

/////

/////

/////

---

[2] Plaintiff also suggests that he cannot prepare an amended civil rights complaint because he has limited law library access. (Doc. No. 26 at 5.) Because this was not raised by plaintiff as an issue before the magistrate judge, the undersigned will not consider the merits of this argument in resolving the pending motions for reconsideration. Nevertheless, "the court recognizes that plaintiff may require some library access to respond to the magistrate judge's order giving plaintiff thirty days to file an amended complaint." *Tunstall v. Bodenhamer*, No. 2:16-cv-2665-JAM-DBP, 2017 WL 3023493, at *1 (E.D. Cal. July 17, 2017). Accordingly, if plaintiff is actually being denied access to the law library, "he may file a short, plain motion describing what library access, if any, he is currently receiving and explaining briefly why that access is not sufficient to meet the current deadline in this case." *Id.*

**CONCLUSION**

Accordingly,

1. Plaintiff's motions for reconsideration of the magistrate judge's May 13, 2020 screening order (Doc. Nos. 25, 26, 27) are denied;
2. Plaintiff is granted a thirty- (30) day extension of time from the date of service of this order to file a second amended complaint not exceeding twenty-five (25) pages in length, in keeping with the May 13, 2020 screening order; and
3. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **December 7, 2020**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE