UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER,<br><br>    Plaintiff,<br><br>    vs.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>    Defendants. | 1:19-cv-00115-DAD-GSA-PC<br><br>**ORDER DENYING MOTION FOR STAY AND GRANTING PLAINTIFF AN EXTENSION OF TIME**<br>**(ECF No. 29.)**<br><br>**THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT NOT EXCEEDING 25 PAGES** |

**I.   BACKGROUND**

Plaintiff is a prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. On December 17, 2020, plaintiff filed a motion for stay of the proceedings in this case. (ECF No. 29.)

**II.   MOTION FOR STAY**

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Stays of proceedings in federal court, including stays of discovery, are committed to the discretion of the trial court.  See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

Plaintiff requests a stay of the proceedings in this action because events at the prison have interfered with his ability to comply with the court's May 13, 2020 order requiring him to file a Second Amended Complaint.  On July 6, 2020, Plaintiff was granted a sixty day extension of time to file the Second Amended Complaint,  however the sixty day time period has now expired and Plaintiff has not filed the Second Amended Complaint. (ECF No. 24.)  On December 7, 2020, the court granted Plaintiff another thirty-day extension of time to file the Second Amended Complaint.  Plaintiff complains that the librarian has refused to copy documents for him and he lacks access to legal materials.  Plaintiff also complains of other adverse prison conditions not related to the filing of his Second Amended Complaint.  He argues that he should be granted a stay of this action because of the way he has been treated by prison officials.

**III.   DISCUSSION**

This court does not lightly stay litigation due to the possibility of prejudice to defendants, and here a stay of the entire action is not Plaintiff's only remedy.  Therefore, Plaintiff's motion for stay shall be denied and Plaintiff shall be granted one final thirty-day extension of time to file the Second Amended Complaint. Plaintiff is advised to review the court's May 13, 2020 order for guidelines in preparing the Second Amended Complaint.  Plaintiff is reminded that the Second Amended Complaint must not exceed 25 pages.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for stay, filed on December 17, 2020, is DENIED;

2. Plaintiff is GRANTED one final thirty day extension from the date of service of this order to file his Second Amended Complaint, pursuant to the court's order of May 13, 2020; and

3. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated: **January 6, 2021**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE